UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERENCE MURRAY,

    Petitioner,

v.                                                                    Case No. 6:08-cv-284-Orl-35GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents
_____/

## **ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 11) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 16).

### *I.    Procedural History*

    Petitioner was charged by information with three counts of sexual activity with a 16 or 17 year old child (counts one through three) and three counts of sexual battery (counts four through six). A jury trial was held, and Petitioner was found guilty as to the sexual activity counts and not guilty as to the sexual battery counts. Subsequently, the trial court dismissed counts two and three pursuant to the request of the State. On September 26, 2003, the trial court adjudicated Petitioner guilty of one count of sexual activity with a 16 or 17 year old and sentenced him to imprisonment for a term of ten years. Petitioner filed

a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on March 20, 2004. Mandate was issued on April 16, 2004.

On December 21, 2004, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was dismissed without prejudice on December 8, 2005, because Petitioner failed to file a sworn pleading containing factual allegations. In particular, the trial court found that the motion was insufficient because it was based on facts contained in an unsworn memorandum. Petitioner appealed the denial, and, on March 16, 2006, the state appellate court dismissed the appeal without prejudice to the right of Petitioner to file a proper Rule 3.850 motion.

On September 13, 2006, Petitioner filed a second Rule 3.850 motion with the state trial court, which was dismissed without prejudice on November 13, 2006. The state appellate court affirmed the denial *per cuiram* on March 20, 2007. Mandate was issued on April 9, 2007.

On August 8, 2007, Petitioner filed a federal habeas petition with this Court, *see* case number 6:07-cv-1285-Orl-31KRS, which was dismissed without prejudice on November 7, 2007. The instant habeas petition was filed-stamped on February 25, 2008. Although the petition was allegedly signed on July 26, 2007, there is no indication as to when it was provided to the prison authorities for mailing. Nevertheless, Petitioner's

---

[1] Although the motion was actually filed with the state trial court on December 23, 2004, under the "mailbox rule," the motion would be deemed filed on December 21, 2004, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

accompanying Affidavit of Indigency was file-stamped on February 25, 2008, and it contains a prison stamp indicating that it was provided to the prison authorities on February 15, 2008. Therefore, the Court will use February 15, 2008, as the filing date for the instant habeas petition.

## *II.     Petitioner's Habeas Petition is Untimely*

## *A.     Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## *B.     Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on April

3

16, 2004, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on June 18, 2004, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until June 18, 2005, absent any tolling, to file a federal habeas petition regarding such conviction. As noted above, Petitioner's federal habeas petition was filed on February 15, 2008.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on December 21, 2004, 186 days of the one-year period had run.[3]

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

[3]Arguably, the first Rule 3.850 motion was not "properly filed" since it was not submitted under oath. *See Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000). Accordingly, the one-year period would have expired on June 18, 2005, and the instant petition was

4

The one-year period was then tolled until March 16, 2006, when the state appellate court dismissed Petitioner's appeal of the denial of his first Rule 3.850 motion. The one-year period then expired 179 days later on September 11, 2006, which was two days before Petitioner filed his second Rule 3.850 motion on September 13, 2006, and the instant habeas petition was untimely.[4]

Petitioner argues that his failure to comply with the one-year period should be excused because he is "actually innocent" of the crimes of which he was convicted. For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[5] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner merely asserts that he is actually innocent of the crimes. This vague and conclusory allegation of innocence is insufficient to undermine the Court's confidence in the outcome of Petitioner's criminal

---

untimely.

[4]Even if the September 13, 2006, Rule 3.850 motion was timely filed, the one-year period would have expired on April 9, 2007, which was when mandate issued with regard to the state appellate court's affirmance of the denial of the motion. However, Petitioner did not file the instant federal habeas petition until February 15, 2008, which was 312 days later; hence, the instant petition still was untimely.

[5]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Therefore, he does not come under the actual innocence exception, if such an exception exists.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Terence Murray is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of July 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 7/7
Counsel of Record
Terence Murray